UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CAROL L. GOMEZ,

            Plaintiff,

                       Case # 18-CV-96-FPG

v.

                       DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

            Defendant.

## INTRODUCTION

Plaintiff Carol L. Gomez brings this action pursuant to the Social Security Act seeking review of the final decision of the Commissioner of Social Security that denied her application for Supplemental Security Income ("SSI") under Title XVI of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 12, 14. For the reasons that follow, the Commissioner's motion is GRANTED and Gomez's motion is DENIED.

## BACKGROUND

In March 2014, Gomez applied for SSI with the Social Security Administration (the "SSA"). Tr.[1] 18, 126–33. She alleged disability beginning in October 2012 due to depression, anxiety, bipolar disorder, panic disorder with agoraphobia, and hypothyroidism. Tr. 18, 177–78. In August 2016, Gomez and a vocational expert appeared at a hearing before Administrative Law Judge Stephen Cordovani ("the ALJ"). Tr. 18, 30. On February 6, 2017, the ALJ issued a decision finding that Gomez was not disabled. Tr. 18–30. On November 21, 2017, the Appeals Council

---

[1] "Tr." refers to the administrative record in this matter. ECF No. 10.

denied Gomez's request for review. Tr. 1–5. This action seeks review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation omitted); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation omitted). It is not the Court's "function to determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation omitted).

### II. Disability Determination

An ALJ must follow a five-step sequential evaluation process to determine whether a claimant is disabled within the meaning of the Act. *See Bowen v. City of New York*, 476 U.S. 467, 470–71 (1986); 20 C.F.R. § 416.920(a). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 416.920(b). If so, the claimant is not disabled. *Id.* If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* § 416.920(c). If the claimant does not have a severe impairment or combination of

impairments, the analysis concludes with a finding of "not disabled." *Id.* If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 416.920(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, the claimant is disabled. *Id.* If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations caused by his or her collective impairments. *See id.* §§ 416.920(e)–(f), 416.945.

The ALJ then proceeds to step four and determines whether the claimant's RFC permits claimant to perform the requirements of his or her past relevant work. *Id.* § 416.920(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 416.920(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *Rosa v. Callahan*, 168 F.3d 72, 77–78 (2d Cir. 1999) (quotation omitted); *see also* 20 C.F.R. § 416.960(c).

## DISCUSSION

### I. The ALJ's Decision

The ALJ analyzed Gomez's claim for benefits under the process described above. At step one, the ALJ found that Gomez has not engaged in any substantial gainful activity since her alleged onset date. Tr. 20. At step two, the ALJ found that Gomez has several severe impairments:

hypothyroidism, anxiety, depression, and cannabis use. *Id.* At step three, the ALJ found that these impairments did not meet or medically equal any Listings impairment. Tr. 21.

Next, the ALJ determined that Gomez had the RFC to perform medium[2] work with additional limitations. Tr. 23–28. Specifically, the ALJ found that Gomez could only understand, remember, and carry out simple instructions and tasks and could not: perform supervisory duties, independent decision-making, or strict production quotas; perform work involving more than minimal changes in routine and process; or interact with supervisors more than occasionally and with coworkers or the public more than incidentally. Tr. 23. At steps four and five, the ALJ found that Gomez did not have any past relevant work but that there were jobs that existed in significant numbers in the national economy that she could perform. Tr. 28–29. The ALJ therefore found that Gomez had not been disabled since March 27, 2014. Tr. 29.

**II. Analysis**

Gomez challenges the ALJ's RFC, arguing that the ALJ erred by (1) finding that Gomez could have occasional contact with supervisors; (2) concluding that Gomez could deal with her stress if limited to simple, low-stress work; and (3) using Gomez's daily activities in evaluating her complaints. ECF No. 12-1 at 7–14.

    A.    *The ALJ's conclusion that Gomez could have occasional contact with supervisors was supported by substantial evidence.*

Gomez argues that the ALJ erred in concluding that she could have occasional contact with supervisors. ECF No. 12-1 at 7–10. Gomez contends that the limitation assigned by the ALJ improperly disregarded a medical opinion and is inconsistent with her limitation to incidental or no contact with coworkers and the public. *Id.* The Court disagrees.

---

[2] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 416.967(c). Medium work also includes "sedentary and light work." *Id.*

"[A] limitation in interacting with the public is not equivalent to a limitation interacting with coworkers or supervisors." *Smith v. Colvin*, No. 16-CV-295, 2017 WL 489701, at *3 (W.D.N.Y. Feb. 7, 2017) (collecting cases). In *Smith*, the court found that the ALJ erred by limiting the claimant in dealing with the general public but imposed no limitations with respect to coworkers and supervisors. *Id.* at *2. The ALJ "failed to explain why he rejected the limitations" reflected in two medical opinions that noted claimant had difficulty in getting along with others. *Id.* at *3. An ALJ is certainly not required to adopt all of an expert's findings, but the ALJ must explain why he is only partially adopting findings instead of adopting the findings wholesale. *See, e.g.*, *DioGuardi v. Comm'r of Soc. Sec.*, 445 F. Supp. 2d 288, 297–98 (W.D.N.Y. 2006).

In this case, the ALJ placed "great weight" on the consultative psychological evaluation of Doctor Adam Brownfeld. Tr. 25, 27–28. Dr. Brownfeld concluded that Gomez "is moderately limited in relating adequately with others" and "moderately to markedly limited in appropriately dealing with stress." Tr. 376. On a form, Dr. Brownfeld checked boxes indicating that Gomez had moderate limitations in interacting "appropriately with supervision, co-workers, and the public," which he explained was caused by her "symptoms of generalized anxiety." Tr. 379. The form defined a moderate limitation as "more than a slight limitation . . . but the individual is still able to function satisfactorily." Tr. 378.

The ALJ suitably translated Gomez's moderate limitation in interacting appropriately with supervisors by limiting her to occasional interaction with supervisors. Tr. 23. Moderate limitations in work-related functioning are not necessarily disabling. *See Martinez v. Comm'r of Soc. Sec.*, No. 16-CV-908, 2017 WL 2633532, at *7 (N.D.N.Y. June 15, 2017) (collecting cases) ("[T]he Second Circuit has held that moderate limitations in work related functioning do[] not significantly limit, and thus prevent, a plaintiff from performing unskilled work."). Gomez has not identified

any evidence that her moderate social limitations require greater restrictions than those adopted by the ALJ.[3]

Further, the ALJ's imposition of less restrictive limitations with respect to supervisors compared to coworkers and the general public was not error. Although the conclusion was based on the same "moderate" limitations, an ALJ is given leeway to weigh evidence and make RFC determinations, even where the record may support a range of potential outcomes. *See Lamay v. Comm'r of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) ("In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard.").

Gomez points to cases that are premised on an ALJ cherry picking medical opinions that are favorable to the ALJ's finding while ignoring unfavorable opinions. *See, e.g.*, *DioGuardi*, 445 F. Supp. 2d at 297–98; *see also Labonte v. Berryhill*, No. 16-CV-518, 2017 WL 1546477, at *3–4 (W.D.N.Y. May 1, 2017) (holding that ALJ's rejection of part of a medical opinion was not error where court could glean the basis for rejection but was error where court could not). In this case, however, the ALJ did discuss and account for the social limitations noted by Dr. Brownfeld by limiting Gomez's contact with supervisors, coworkers, and the public. Gomez's disagreement with the degree of limitation with respect to supervisors is not a basis for remand. The ALJ's RFC determination with respect to social limitations was supported by substantial evidence.

---

[3] If anything, the ALJ's RFC determination with respect to supervisors, as well as coworkers and the general public, was more restrictive than necessary. *See Pochepan v. Comm'r of Soc. Sec.*, No. 18-CV-857, 2019 WL 5682831, at *4 (W.D.N.Y. Nov. 1, 2019) ("Dr. Fabiano's opinion that Pochepan is moderately limited in her ability to interact appropriately with supervisors and co-workers is consistent with the ALJ's finding that she could frequently interact with those individuals."). But greater than necessary restrictions are not a valid basis for remand. *See Lesanti v. Comm'r of Soc. Sec.*, No. 19-CV-121, 2020 WL 500986, at *6 (W.D.N.Y. Jan. 30, 2020).

B.  *The ALJ appropriately accounted for Gomez's stress.*

Gomez claims that the ALJ failed to adequately address her capacity to manage stress. ECF No. 12-1 at 10–12. The Court again disagrees.

Gomez relies on Social Security Ruling ("SSR") 85-15, 1985 WL 56857, at *6 (S.S.A. 1985), for the proposition that stress is "highly individualized." *Id.* Accordingly, Gomez argues that an ALJ must "make specific findings about the nature of a claimant's stress, the circumstances that trigger it, and how those factors affect h[er] ability to work." *Booker v. Colvin*, No. 14-CV-407, 2015 WL 4603958 (W.D.N.Y. July 30, 2015) (quotation omitted); ECF No. 12-1 at 11. The Second Circuit has explained, however, that SSR 85-15 does not apply to "a case, such as this one, in which the claimant suffers from a combination of exertional and non-exertional impairments." *Roma v. Astrue*, 468 F. App'x 16, 20 (2d Cir. 2012); *see also Wyder v. Colvin*, 16-CV-817, 2018 WL 3866669, at *3–4 (W.D.N.Y. Aug. 15, 2018) (collecting cases). In *Booker*, for instance, the ALJ found that the claimant could "perform a full range of work at all exertional levels," so SSR 85-15 was applicable. 2015 WL 4603958, at *2. Here, Gomez suffers from a combination of exertional and non-exertional impairments; she is limited to medium work. Tr. 23.

Nevertheless, courts in this circuit have recognized the apparent importance of an individualized inquiry in accounting for stress. "Although a particular job may appear to involve little stress, it may, in fact, be stressful and beyond the capabilities of an individual with particular mental impairments." *Welch v. Chater*, 923 F. Supp. 17, 21 (W.D.N.Y. 1996). But, "even without explicitly referencing a stress limitation, an RFC determination may adequately account for a claimant's stress-related limitations." *Herb v. Comm'r of Soc. Sec.*, 366 F. Supp. 3d 441, 447 (W.D.N.Y. 2019). That is, courts reviewing an ALJ's evaluation of stress-based limitations do not demand an exhaustive analysis of the issue. *See, e.g.*, *Slattery v. Colvin*, 111 F. Supp. 3d 360, 374 (W.D.N.Y. 2015). So long as the decision reveals that the ALJ considered and accounted for stress

limitations—even if not in the most explicit terms—remand is not warranted. *See Grega v. Berryhill*, No. 17-CV-6596, 2019 WL 2610793, at *12 (W.D.N.Y. June 26, 2019).

Here, the ALJ's analysis of Gomez's stress-related limitations is certainly not a bastion of clarity, but it is sufficient to satisfy the Court that the ALJ accounted for those limitations. The ALJ gave "great weight" to the consultative psychological evaluation of Dr. Brownfeld, who concluded that Gomez is "moderately to markedly limited in appropriately dealing with stress." Tr. 376. The ALJ appropriately accommodated Gomez's stress "by limiting her to simple tasks only, in a low stress environment, as reflected by no supervisory duties, no independent decision-making, no strict production quotas and minimal changes in work routine and processes" and further limited her contact with supervisors, coworkers, and the general public. Tr. 28; *see Alexandrea R. R. v. Berryhill*, No. 18-CV-121, 2019 WL 2269854, at *7 (N.D.N.Y. May 28, 2019) (holding that ALJ discharged her duty to consider stress-related limitations by "assessing a number of limitations in [the claimant's] ability to perform work-related mental tasks, and by including a number of specific restrictions in recognition of [the claimant's] ability to handle work-related stressors").

Gomez complains that the ALJ failed to tie these individual stress-related limitations to her particular ability to manage stress, which she claims is managed by spending time with a neighbor and gardening. ECF No. 12-1 at 12; Tr. 50–51. The ALJ simply rejected the proposition that Gomez's stress was unmanageable absent such specific coping mechanisms. Tr. 23–28. The ALJ concluded that Gomez's medical records "document[] rather mild to moderate clinical abnormalities." Tr. 24. The ALJ reviewed the records from Gomez's former treating psychiatrist, which indicated she was doing well on medication and she was able to handle previously challenging situations. Tr. 25, 222, 246, 260. Records from Gomez's treating physician further

reflected reports of anxiety and depression but also improvement in her condition with medication. Tr. 265, 268, 295, 329, 353, 355. A physician assistant also noted that Gomez said medication improved her ability to manage stress. Tr. 285, 287. The evidence that Gomez's stress was manageable with medication supports the ALJ's conclusion. *See Smith v. Comm'r of Soc. Sec.*, No. 16-CV-953, 2018 WL 5076918, at *3 (W.D.N.Y. Oct. 17, 2018).

Further, the Court cannot fault the ALJ for not specifically examining triggers for Gomez's stress as her testimony regarding the causes of her stress was generalized. Gomez explained at the hearing that stress is "just part of [her] life" without offering specific examples of triggers.[4] Tr. 50–51. Dr. Brownfeld did not note that Gomez had specific or limited coping mechanisms or specific causes for her stress. Tr. 374–77. He only reported that Gomez was socially withdrawn and appeared to have "random" triggers for her panic attacks because they could occur "when doing the dishes or going to new appointments and meeting new people." Tr. 374. He concluded that Gomez "is moderately to markedly limited in appropriately dealing with stress." Tr. 376. None of Gomez's doctors, however, found that she was incapable of handling "any stress at all." *Lewis v. Comm'r of Soc. Sec.*, No. 18-CV-150, 2019 WL 3321896, at *4 (W.D.N.Y. July 24, 2019) (quotation omitted). And Gomez has failed to explain what additional stress-related limitations were supported by the record. *Moxham v. Comm'r of Soc. Sec.*, No. 16-CV-1170, 2018 WL 1175210, at *9 (N.D.N.Y. Mar. 5, 2018) ("Although Plaintiff argues that [moderate to marked limitations in appropriately dealing with stress, among other] limitations[,] would have affected Plaintiff's ability to perform the basic mental demands of unskilled work, she fails to illustrate

---

[4] Gomez did generally mention that she has a hard time being away from home and experiences crying spells, but she did not attribute these issues to her stress. Tr. 46–47, 52. At times, she attributed these symptoms to her anxiety, Tr. 48–49, but Dr. Brownfeld attributed only Gomez's moderate limitations in interacting appropriately with the public, supervisors, and coworkers to her anxiety. Tr. 376, 379. The ALJ accounted for those limitations.

9

how the mental limitations included in the ALJ's RFC (simple tasks, simple instructions, frequent interaction with supervisors, coworkers, and the public, and decisions on simple work-related matters) do not adequately account for [the] limitations.").

Dr. Brownfeld also concluded that there was no evidence Gomez was limited "in following and understanding simple directions and instructions, performing simple tasks independently, maintaining attention and concentration, maintaining a regular schedule, learning new tasks, performing complex tasks independently, or making appropriate decisions." Tr. 376. These conclusions further support the ALJ's findings with respect to Gomez's RFC. *See Hill v. Comm'r of Soc. Sec.*, No. 18-CV-1161, 2020 WL 836386, at *5 (W.D.N.Y. Feb. 20, 2020).

Gomez cites *Windom v. Colvin* for the proposition that a claimant's "moderate to marked difficulty" in dealing with stress is not adequately addressed by similar limitations to those imposed by the ALJ here. No. 14-CV-6652, 2015 WL 8784608, at *4–5 (W.D.N.Y. Dec. 15, 2015). In that case, the record contained ample evidence of claimant's anxiety, depression, and bipolar-related symptoms as well as a work-related suicide attempt. *Id.* at *5. The court accordingly found that the record did not contain substantial evidence to support the ALJ's RFC determination. *Id.* Conversely, the medical record in this case contains ample support for the ALJ's RFC determination. Additionally, multiple courts have held that moderate to marked limitations in dealing with stress were adequately addressed by RFC limitations similar to those found by the ALJ here. *Alexandrea R. R.*, 2019 WL 2269854, at *5–7 (holding that ALJ accounted for "moderate to marked limitation in . . . appropriately deal[ing] with stress" in finding that claimant had the RFC to "make simple decisions directly related to the completion of her tasks and work in a position where she is not responsible for the work of others and with little change in daily routine, work duties or processes"); *Uplinger v. Berryhill*, No. 18-CV-481, 2019 WL 4673437, at *7

(W.D.N.Y. Sept. 25, 2019) ("Marked limitations in mental functioning, including a marked limitation in ability to deal with stress, do not mandate a finding of disability, but can be addressed with additional limitations to a plaintiff's RFC, such as limiting plaintiff to simple, routine and repetitive tasks in a work environment free of fast-paced production requirements."); *Blocker v. Saul*, No. 18-CV-6788, 2020 WL 1047737, at *6 (W.D.N.Y. Mar. 4, 2020) (holding that, although claimant was "markedly limited in appropriately dealing with stress," the ALJ accounted for this by limiting claimant to "'simple routine tasks,' 'occasional interaction with coworkers and the general public,' and 'low stress work defined as work involving only occasional decision making'").

Accordingly, the ALJ's RFC determination with respect to stress limitations was supported by substantial evidence.

   C.   *The ALJ appropriately rejected Gomez's subjective complaints.*

Finally, Gomez argues that the ALJ improperly rejected her statements regarding the intensity of her symptoms based on her "wide range of activities of daily living." ECF No. 12-1 at 12–14 (quoting Tr. 26). The Court disagrees.

Although a claimant "need not be an invalid" to be disabled under the Social Security Act, *Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998) (quotation omitted), an ALJ may properly consider a claimant's daily activities when assessing her claims. *Torina v. Comm'r of Soc. Sec.*, No. 17-CV-1216, 2019 WL 2325078, at *6 (W.D.N.Y. May 31, 2019) (citing 20 C.F.R. § 416.929(c)(3)(i)). "The ALJ has the discretion to evaluate the credibility of a claimant and to arrive at an independent judgment, in light of medical findings and other evidence, regarding the true extent of the pain alleged by the claimant." *Jackson v. Astrue*, No. 05-CV-1061, 2009 WL 3764221, at *7 (N.D.N.Y. Nov. 10, 2009) (quotation omitted) (citing *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979)). "Because the ALJ has the benefit of directly observing a claimant's

11

demeanor and other indicia of credibility, his decision to discredit subjective testimony is entitled to deference and may not be disturbed on review if his disability determination is supported by substantial evidence." *Baker ex rel. Baker v. Berryhill*, No. 15-CV-943, 2018 WL 1173782, at *5 (W.D.N.Y. Mar. 6, 2018) (quotation omitted).

Here, the ALJ's determination was supported by substantial evidence and his credibility determination is entitled to deference. Gomez mows the grass for three lawns. Tr. 41. She drives occasionally, shops for groceries up to once a week, cares for many plants (although she has let them die in the past), gardens, and has no difficulty caring for herself on a day-to-day basis. Tr. 43–44, 47–48, 54–55, 58–59. She explained that she has no problems interacting with strangers and, although she gave some conflicting testimony regarding her interaction with friends, it appears she meets occasionally with at least one friend. Tr. 51, 57–58. She also cares for her special education son in middle school, attends parent teacher conferences, and drove him to school previously (but he has since started taking the bus). Tr. 54, 59–60. At the hearing, Gomez reported numerous severe symptoms, such as panic attacks, crying spells, and difficulty getting out of bed, leaving the house, and interacting with other people, particularly "people that are in charge." Tr. 47–49, 52.

The ALJ rejected Gomez's testimony regarding the intensity of these symptoms based on her daily activities in conjunction with the medical evidence, which reflected moderate abnormalities and improvement with medication. Tr. 26–27.[5] The ALJ did not err in relying on these factors to discount Gomez's claims of disabling systems. *Poupore v. Astrue*, 566 F.3d 303,

---

[5] The ALJ also properly noted that Gomez was not entitled to any favorable inferences based on her poor work history. Tr. 27; *see Schaal v. Apfel*, 134 F.3d 496, 502 (2d Cir. 1998) ("[J]ust as a good work history may be deemed probative of credibility, a poor work history can reasonably be deemed to have the opposite significance. However, a poor work history might also support an inference that a claimant's testimony of disability is truthful.").

12

307 (2d Cir. 2009) (holding that ALJ properly concluded that claimant's subjective complaints were not sufficient to establish disability where complaints were unsupported by objective medical evidence and claimant was able to care for his child, do household chores, and drive occasionally).

Accordingly, the Court rejects Gomez's arguments and affirms the Commissioner's decision.

## CONCLUSION

For all of the reasons stated, the Commissioner's Motion for Judgment on the Pleadings, ECF No. 14, is GRANTED and Gomez's Motion for Judgment on the Pleadings, ECF No. 12, is DENIED. The complaint is DISMISSED WITH PREJUDICE, and the Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: March 20, 2020
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court